BYRNES, Judge,
concurs.
I concur in the result reached by the majority. However, the legal questions presented by the facts are troublesome. While I hesitate to limit the power of police to conduct investigatory stops in high crime areas, I perceive a real danger that location rather then conduct is becoming the “reasonable basis” for such stops.
It is becoming a common thread in these cases for relatively innocent unsuspicious conduct, such as the exchange of money for an unidentified object, to become suspicious based solely on the location where the exchange takes place. To be sure, location is one of the circumstances which has a bearing on the reasonableness of a police officer’s suspicion. As this case shows, this suspicion is sometimes justified. However, my fear is that innocent conduct will be subjected to un reasonable suspicion simply because it takes place in a high *180 crime area. The residents of these areas have the same rights as other citizens, and should not be subjected to increased investigatory stops simply because of where they live.
In this case, the officers had information from a confidential informer that drug trafficking occurred at the exact location where the investigatory stop took place. This, additional fact was, in my opinion, sufficient to justify the stop, notwithstanding the fact that the officers could not see the object which was exchanged for the money. However, absent this additional reasonable basis for their suspicion, I would have grave doubts as to the legality of the stop.